IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNY A. MURPHY, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-318-JD |
| | ) |
| MARTIN O'MALLEY, | ) |
|   Commissioner of the Social | ) |
|   Security Administration, | ) |
| | ) |
|   Defendant. | ) |

## REPORT AND RECOMMENDATION

Donny A. Murphy ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 6), and the parties have fully briefed the issues (Docs. 11, 15, 16).[1] United States District Judge Jodi Dishman referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C) and Federal Rule of Civil Procedure 72(b). (Doc. 10). For the reasons set forth below, the undersigned recommends the Court **REVERSE** the Commissioner's decision and **REMAND** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

1

I.      **Procedural History**

Plaintiff previously applied for both DIB and SSI on August 1, 2019, alleging disability since April 24, 2018. (*See* AR, at 127). The SSA denied the claims initially, on reconsideration, and following an administrative hearing before an Administrative Law Judge ("ALJ"). (*See id.* at 124-39). Plaintiff filed second applications for DIB and SSI on December 21, 2020, alleging a disability onset date of October 15, 2020. (*Id.* at 415-21, 422-23, 460). The SSA denied the applications initially and on reconsideration. (*Id.* at 257-60, 261-63, 271-76, 277-81). An administrative hearing was held on July 19, 2022. (*Id.* at 103-23). On August 11, 2022, the ALJ issued a decision finding Plaintiff was not disabled. (*Id.* at 224-38). Afterward, the Appeals Council granted Plaintiff's request for review and remanded the matter back to the ALJ. (*Id.* at 244-47).

A second administrative hearing was held on September 20, 2023. (*Id.* at 86-102). Afterward, the ALJ issued a second unfavorable decision. (*Id.* at 8-21). The Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 1-5). Thus, the ALJ's decision became the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     **Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2020, the alleged disability onset date. (AR, at 13). At Step Two, the ALJ found that Plaintiff had severe impairments of disorders of the spine, peripheral edema, diabetes, obesity, and neurocognitive disorders. (*Id.* at 14). At Step Three, the ALJ found Plaintiff had no impairment or combination of impairments that met

or medically equaled the severity of one of the listed impairments. (*Id*.) The ALJ then determined Plaintiff had the RFC to perform light work except that he can only occasionally bend, stoop, and kneel and is limited to "routine, repetitive work," with "simple and detailed but not complex instructions." (*Id.* at 16). Then, at Step Four, the ALJ found Plaintiff could perform his past relevant work as an inserter. (*Id.* at 19).[2] At Step Five, the ALJ also determined Plaintiff could perform work as a cutter machine operator, final inspector, and power screwdriver operator. (*Id.* at 20-21). Thus, the ALJ found Plaintiff had not been under a disability from October 15, 2020, through the date of the decision. (*Id*. at 21).

### III.   Claims Presented for Judicial Review

Plaintiff contends the Appeals Council erred by failing to properly consider new and material medical evidence dated around the hearing date and up to a few days before the ALJ's decision. (Doc. 11, at 8-12). Next, Plaintiff argues the ALJ did not perform a proper consistency analysis regarding his subjective reports of pain and limitations. (*Id.* at 12-19). Third, Plaintiff asserts the ALJ erred in his analysis of the SSA consultative

---

[2] In his Opening Brief, Plaintiff notes that during the administrative hearing, the ALJ recognized that he never performed the job of inserter at a level that qualified as substantial gainful activity ("SGA"). (Doc. 11, 30-31 (citing AR, at 107-08 (acknowledging during administrative hearing that Plaintiff's work as inserter "doesn't approach SGA")); *see also* 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1), 404.1565(a), 416.965(a), 404.1571–76, 416.971–76 (defining term "past relevant work" as work that rose to the level of SGA and establishing earnings and other criteria for determining at Step Four whether a claimant has engaged in prior SGA). The Commissioner did not address this issue in his Response (Doc. 15) and has thus waived any argument in opposition. *See, cf, Frenchman v. Saul*, 2020 WL 2732396, at *2 (E.D. Okla. May 26, 2020) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")).

examiner's ("CE") opinion. (*Id.* at 19-22). Fourth, Plaintiff contends the ALJ erroneously limited his RFC determination to consideration of early medical records. (*Id.* at 23-26). Finally, Plaintiff contends the ALJ did not properly evaluate Plaintiff's mental impairments. (*Id.* at 26-31).

The Commissioner contends that the record, including evidence submitted to the Appeals Council, provides substantial support for the ALJ's decision. (Doc. 15, at 12-14). He further argues the ALJ appropriately evaluated Plaintiff's subjective reports with the medical record. (*Id.* at 15-16). Next, the Commissioner argues the ALJ properly assessed the RFC, including his consideration of the CE's opinions. (*Id.* at 17-21). Finally, the Commissioner contends the ALJ properly evaluated Plaintiff's mental impairments. (*Id.* at 21-24).

## IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a

4

medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC,")[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id.* "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different

conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "[a]n agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

## V. The ALJ Erred in His Consideration of Dr. Laura Eckert's Findings and Opinion.

Dr. Eckert, a reviewing psychologist for the SSA, completed a Mental Residual Functional Capacity Assessment (MRFCA) following her review of Plaintiff's medical records. (AR, at 217-20). Section I of the MRFCA is "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment." SSA Program Operations Manual System Disability Insurance (POMS DI) 24510.060 B.2.a. The POMS provides that Section III of the MRFCA, not Section I, is for recording a medical consultant's "actual mental RFC assessment" and that adjudicators are to use the Section III narrative as the RFC assessment. POMS DI 24510.060 B.4.a, 25020.010 B.1.Note. However, the Tenth Circuit has cautioned that "this does not mean that an ALJ can turn a blind eye to [] Section I limitations . . . ." *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015). As the court explained,

> [I]f a consultant's Section III narrative fails to describe the effect that each of the Section I [] limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding.

*Id.*

In Section I, Dr. Eckert found Plaintiff can understand, remember and carry out "very short and simple instructions," but has marked limitations in those abilities with regard to "detailed instructions." (AR, at 218). In her Section III narrative, she stated that Plaintiff can "understand, recall and perform simple repetitive tasks." (*Id.* at 220). At first glance, it may appear as though the Section III narrative reflects Plaintiff's abilities and limitations as set forth in Section I. But based on previous Tenth Circuit rulings, this Court has generally drawn a distinction between simple <u>tasks</u> and simple <u>instructions</u> when analyzing a potential conflict with jobs requiring level two reasoning, such as those identified at Step Five in the present case. *See Calvin v. Kijakazi*, Case No. CIV-21-1046-SM, 2022 WL 3268745, at *4 (W.D. Okla. Aug. 10, 2022) ("Although a limitation to simple *tasks* is consistent with a reasoning level of two, that is not the case for a limitation to simple *instructions*.") (citing *C.H.C. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 950433, at *7 (D. Colo. March 29, 2022) (explaining that "*Hackett* [*v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005)] concerned *work tasks*, not *instructions*, and the Court has found no legal authority equating the two for purposes of legal analyses")); *Rodgers v. Kijakazi*, Case No. CIV-21-12-STE, 2022 WL 801560, at *4-5 (W.D. Okla. March 15, 2022) (finding an unresolved conflict between an RFC limitation to understanding, remembering, and carrying out simple instructions and reasoning level two, stating, "Although the statement regarding simple instructions was dictum in *Paulek* [*v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016)], the fact remains that [the] Tenth Circuit has not definitively determined whether level two reasoning is consistent with RFC limitations of 'simple instructions,' but it has affirmatively cited the Eighth Circuit in this regard.").

Thus, Dr. Eckert's failure in Section III to discuss Plaintiff's ability to understand, remember, and carry out "very short and simple instructions" and his marked limitations regarding detailed instructions is significant. As a result, the ALJ was required to consider Dr. Eckert's Section I findings as to this area of Plaintiff's limitations. *Carver*, 600 F. App'x at 619. He failed to do so. Most significantly, as established, the difference in limitations could affect the analysis of the jobs Plaintiff can perform at Step Five and thus cannot be considered harmless.

Additionally, the ALJ found Dr. Eckert's opinion persuasive (AR, at 18), but clearly rejected a portion of her findings. The ALJ's RFC limiting Plaintiff to "routine, repetitive work" may incorporate Dr. Eckert's Section III narrative regarding "simple repetitive tasks," but he goes further to conclude Plaintiff can "adhere to simple <u>and detailed</u> but not complex instructions." (*Id*. at 16) (emphasis added). This directly contradicts Dr. Eckert's Section I finding that Plaintiff is markedly limited in his ability to understand, remember, and carry out detailed instructions. At no point did she indicate Plaintiff could adequately understand, remember, and carry out detailed instructions so long as they are not complex. Thus, the ALJ rejected this portion of Dr. Eckert's opinion. "Although exact correspondence between a medical opinion and the mental RFC is not required[,] the ALJ must explain the basis for rejecting certain limitations in an opinion he finds persuasive, or the decision must sufficiently include the reasoning for doing so." *V. v. O'Malley*, 2024 WL 1008567, at *4 (N.D. Okla. March 8, 2024) (quoting *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013)). *See also Phan v. Kijakazi*, No. CIV-23-0093-P, 2023 WL 6294191, at *4 (W.D. Okla. Sept. 27, 2023) ("An ALJ is not required to adopt every limitation in a

9

medical opinion that he finds persuasive. However, the ALJ must explain the basis for rejecting certain limitations in an opinion he finds persuasive, or the decision must sufficiently include the reasoning for doing so.") (internal citation omitted); *Benavidez v. Colvin*, 650 F. App'x 619, 621 (10th Cir. 2016) ("[A]n ALJ cannot, without explanation, adopt some restrictions assessed by a physician and reject others that the physician also assessed."). Although the ALJ found Dr. Eckert's opinion persuasive, he did not explain or provide any reasoning as to why he rejected Dr. Eckert's opinion regarding detailed instructions. As this aspect of her findings could affect whether Plaintiff can perform the Step Five jobs the ALJ identified, this error cannot be considered harmless.

Accordingly, on remand, the ALJ must consider and discuss Dr. Eckert's findings regarding Plaintiff's limitations in understanding, remembering, and carrying out simple and detailed instructions, the effect of this analysis on Plaintiff's RFC, and potentially question the VE accordingly. The analysis on remand may be affected by the ALJ's consideration of these issues. Thus, the undersigned does not address Plaintiff's remaining arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI.   Recommendation and Notice of Right to Object

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned recommends the Court **REVERSE** the Commissioner's decision and **REMAND** the matter for further proceedings.

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. **Any such objections must be filed with the Clerk of this Court by November 27, 2024.** The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this case unless and until the matter is re-referred.

SO ORDERED this 13th day of November, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE