IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNY A. MURPHY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. CIV-24-00318-JD |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the Court is United States Magistrate Judge Amanda Maxfield Green's Report and Recommendation ("R. & R.") [Doc. No. 17] issued on November 13, 2024. Judge Green recommends that the Court REVERSE the Commissioner's decision and REMAND the matter for further proceedings. R. & R. at 1, 10.

Judge Green advised the parties of their right to file objections to the Report and Recommendation with the Clerk of Court by November 27, 2024, and explained that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. *See id.* at 11.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties

waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

The record reflects that the parties did not file objections to the Report and Recommendation by the deadline or request an extension of time to do so. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo *any part of the magistrate judge's disposition that has been properly objected to*.") (emphasis added).

Thus, upon its review, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 17], **REVERSES** the decision of the Commissioner, and **REMANDS** the cause for further administrative proceedings. The Court will enter a separate judgment under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED this 9th day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE